UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JACQUELINE HOLLOWAY,**

    **Plaintiff,**

**VS.**                                                                  **Civil Action No. 2:19-cv-02305-TLP-cgc**

**FEDEX EXPRESS,**

    **Defendant.**

---

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
---

On May 14, 2019 plaintiff Jacqueline Holloway, filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (D.E. # 1 & 2.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

Federal law provides that the Clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay the filing fee of $400.[2] 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b),"[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States," The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As the court is granting leave to proceed *in forma pauperis* in this case pursuant to § 1915, the plaintiff is not liable for the additional $50 fee.

§ 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the court must conduct a satisfactory inquiry into the Plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies the plaintiff's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

Plaintiff shall promptly notify the Clerk in writing of any change of address. Failure to comply with this requirement, or any other order of the court, may result in the dismissal of this case without further notice.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the court will conduct a screening of the complaint to determine whether or not summons shall be issued by the Clerk. No further action is required of the defendant until the court has completed its screening of the complaint. In the event the court directs the Clerk to issue summons, process will be served by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED** this 23rd day of May, 2019.

                                          s/Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE